# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN BRADLEY POWELL,

        Plaintiff,

        v.

DR. GOSLIN, *et al.*,

        Defendants.

Case No. 3:17-cv-00036-SLG

## ORDER RE: MOTIONS ON SPECIAL MAIL

Self-represented prisoner Steven Bradley Powell has filed two motions regarding "special" or "legal" mail. In sum, Mr. Powell alleges that his mail from the U.S. District Court for the District of Alaska and Defendants, represented by the State of Alaska Department of Law (DOL), has been opened by Bureau of Prisons (BOP) staff in violation of the BOP policy on special mail.

At Docket 189, Mr. Powell alleges that mail from the Court and the DOL has been opened outside of his presence "for the past 1 ½ years."[1] He requests the Court enter an "order to maintain confidentiality of legal documents in his case." In support of his motion, he includes an annotated copy of 28 C.F.R. § 540.18—the BOP regulation on prisoner "Special Mail."[2] Defendant replied in opposition asserting that 1) the motion was unsupported and unnecessary; 2) 28 C.F.R. §

---

[1] Docket 189 at 1.

[2] Docket 189–1.

540.18 does not impose any requirement on DOL as a sender; 3) no confidentiality or privilege exists between the Court or DOL and Mr. Powell; and 4) DOL is already marking the envelopes it sends to Mr. Powell "Special Mail—Only Open in the Prescence of the Inmate."[3] Mr. Powell replied arguing that the U.S. District Court for the District of Alaska, the State of Alaska District and Superior Courts, and the U.S. Attorney's Office for the District of Alaska do not stamp their correspondence "special mail," unlike other courts and entities, and therefore are out of compliance.[4]

At Docket 192, Mr. Powell filed a "Supplemental Motion for Order to All Parties to comply with Inmate Legal/Special Mail CFR's within BOP. Request Court Advisement as to how I'm suppose to Receive New Copy of the missing Documents lost by Defendants." Mr. Powell alleges he sent boxes of his legal mail to his mother and an attorney in anticipation of his transfer to federal custody, but they were never received by their intended recipients.[5] Additionally, Mr. Powell alleges that recently BOP rejected a box of incoming legal mail at his current facility, FCI Greenville.[6] Mr. Powell alleges that he is "being unfairly treated" and

---

[3] Docket 190.

[4] Docket 194.

[5] Docket 192 at 3–4.

[6] Docket 192 at 5.

Defendants (and BOP) are "destroying and removing his case files."[7] He further alleges that "without one-of-a-kind documents, the defendants are purging the record to their benefit at Mr. Powell's expense to a fair and just trial, besides stealing his legal books."[8] Mr. Powell requests the Court "to determine the proper procedure or way, to ensure the Petitioner Mr. Powell receives a full complete copy of DOC Grievances, Medical file, and cop outs and other documents."[9] In support, Mr. Powell includes several exhibits: 1) an annotated 28 C.F.R. § 540.18; 2) an envelope from DOL; 3) an envelope from this Court; 4) a letter to DOL regarding his receipt of other prisoner's medical records; and 5) a letter from Defendants' former counsel requesting the return of the improperly sent records. Defendants responded in opposition noting that DOL follows BOP policy and marks its envelopes to Mr. Powell as special mail and suggests that the proper remedy for Mr. Powell is the grievance process.[10] Mr. Powell replied clarifying that the issue is that the DOL envelopes "do not adequately identify the sender" with the attorney's name and attorney title.[11]

---

[7] Docket 192 at 5.

[8] Docket 192 at 5.

[9] Docket 192 at 7.

[10] Docket 194.

[11] Docket 195.

Mr. Powell seeks an order directing this Court and Defendants' attorney to comply with 28 C.F.R. § 540.18 and clearly mark the mail they send to Mr. Powell as special mail. Prisoners have a protected interest in having properly marked legal mail opened only in their presence.[12] However, this protected interest only applies to a prisoner's confidential communications with his attorney.[13] This protection does not extend to courts, agencies, or to other attorneys who do not represent the prisoner. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."[14] With only few exceptions, "all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files."[15] Further, mail from government agencies, such as the Department of Law, also does not constitute legal mail.[16] Although the Department of Law is participating in this case, its interest is adverse to Mr. Powell; correspondence and discovery from an adverse

---

[12] *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (internal citations omitted).

[13] *Id.*; *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195-96 (9th Cir. 2017).

[14] *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).

[15] *Id.* at 1094 (quoting *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

[16] *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail).

party are not privileged or protected as legal mail.[17] Simply, mail from the Court or from the State of Alaska Department of Law is not legal mail.[18]

Mr. Powell's own exhibits support this distinction. The annotated provision of 28 C.F.R. § 540.18 provides an example of mail from a judge's chambers being recommended for special mail handling.[19] But the Court's orders in this case are distributed as public documents by the Clerk of Court; they are not private communications from a judge's chambers. For this reason, the U.S. District Court for the District of Alaska does not mark any public document sent to prisoners as "special" or "legal" mail.

Mr. Powell provides excerpts from the BOP's Admission and Orientation Handbook for FCI Greenville, the facility where Mr. Powell is currently housed.[20] This excerpt states that mail from "State Attorney Generals" and "U.S. Courts" is considered special mail to be opened in the presence of the inmate.[21] To the extent that Mr. Powell maintains that FCI Greenville is not in compliance with its

---

[17] See *Camposeco v. Bordeaux*, No. 119CV01330BAMPC, 2020 WL 5984420, at *8 (E.D. Cal. July 31, 2020*), report and recommendation adopted sub nom. Camposeco v. Boudreaux*, No. 119CV01330AWIBAMPC, 2020 WL 5983157 (E.D. Cal. Oct. 8, 2020).

[18] *Boone v. Oliveros*, No. 20-CV-01473-EMC, 2020 WL 5366305, at *1–3 (N.D. Cal. Sept. 4, 2020) (holding that mail sent to prisoner from the courts or the state attorney general's office is not legal mail).

[19] Dockets 189–1 at 1, 194–1 at 2, & 195–1 at 1.

[20] Dockets 194–1 at 5 & 195–1 at 4.

[21] Dockets 194–1 at 5 & 195–1 at 4.

own policy, then he may file a grievance with prison officials and upon the exhaustion of that process and with proper cause may seek relief from the U.S. District Court for the Southern District of Illinois.

Lastly, regarding Mr. Powell's missing legal documents, if he needs replacement copies of his discovery, he may request it from Defendants' counsel. Additionally, while the Court has discontinued its practice of sending copies of all filed materials to self-represented litigants, Mr. Powell may file a motion seeking copies of specific documents and state why he is in need of a docketed version of that filing. Any motion should identify the date and docket number of any prior filings he seeks.

**IT IS THEREFORE ORDERED** the Motion to Order Court Clerk and Defendants' Attorney's to Comply with 28 540.18 CFR in Regards to legal mail in BOP at Docket 189 is **DENIED**. **IT IS FURTHER ORDERED** the Supplemental Motion for Order to All Parties to comply with Inmate Legal/Special Mail CFR's within BOP at Docket 192 is **DENIED**.

DATED this 28th day of June, 2021 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE